IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **TRILLER, INC.,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**BYTEDANCE LTD., BYTEDANCE INC., TIKTOK INC., AND TIKTOK PTE. LTD.**<br><br>　　　　**Defendants.** | CIVIL ACTION NO. 6:20-cv-693<br><br>JURY TRIAL DEMANDED<br><br>Judge Alan D. Albright |

# DEFENDANTS' REPLY IN SUPPORT OF THEIR
# MOTION TO TRANSFER PURSUANT TO SECTION 1404

## **TABLE OF CONTENTS**

I. NDCAL IS A PROPER VENUE FOR THIS CASE .......................................................... 2

II. TRILLER IGNORES THE FACTS MOST PERTINENT TO THIS CASE ..................... 2

 A. The Presence of Nearly All Witnesses in California Warrants Transfer ................ 3

 1. Inconvenience to Willing Witnesses ........................................................... 3

 2. Availability of Compulsory Process Necessary to Secure the Attendance of Witnesses ................................................................................................. 5

 B. All Relevant Sources of Proof Are in California ..................................................... 7

 C. Triller's Other Alleged Practical Problems Are Inapt ............................................. 7

 D. The Public Interest Factors Weigh in Favor of Transfer ......................................... 8

i

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                          Page(s)

*In re Apple*,
    979 F.3d 1332 (Fed. Cir. 2020) ......................................................................... 4, 6, 8

*In re Apple, Inc.*,
    581 F.App'x 886 (Fed. Cir. 2014) ............................................................................ 5

*Correct Transmission LLC v. ADTRAN, Inc.*,
    No. 6:20-cv-00669-ADA, 2021 WL 1967985 (W.D. Tex. May 17, 2021) .............................. 8

*DataQuill, Ltd. v. Apple Inc.*,
    No. A-13-CA-706-SS, 2014 WL 2722201 (W.D. Tex. Jun. 13, 2014) .................................. 8

*Fintiv, Inc. v. Apple Inc.*,
    No. 6:18-cv-00372-ADA, 2019 WL 4743678 (W.D. Tex. Sep. 13, 2019) ........................... 5, 6

*In re HP Inc.*,
    No. 2018-149, 2018 WL 4692486 (Fed. Cir. Sep. 25, 2018) ............................................ 4, 7

*Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*,
    422 F. Supp. 3d 1191 (W.D. Tex. Oct. 22, 2019) ................................................................ 2

*In re Toyota Motor Corp.*,
    747 F.3d 1338 (Fed. Cir. 2014) ................................................................................ 3

*In re TracFone Wireless, Inc.*,
    No. 2021-136, 2021 WL 1546036 (Fed. Cir. Apr. 20, 2021) ................................................ 8

**Statutes**

28 U.S.C. § 1391 ................................................................................................................ 2

Cal. Code. Civ. Proc. § 410.10 ........................................................................................ 2

**Other Authorities**

Fed. R. Civ. P. 4(k)(2) ...................................................................................................... 2

The parties recently concluded six months of discovery, during which Triller served 41 deposition topics (resulting in six depositions), 61 requests for production, and six interrogatories. Despite this exhaustive investigation, Triller has failed to identify any relevant connection to this forum, and instead has further established what was plainly true from the start: TikTok and Triller are overwhelmingly California-based. Indeed, this Court just recently resolved a similar motion involving the same defendants, ruling that a case filed in this forum by Pennsylvania-based 10Tales should be transferred to NDCAL. *10Tales, Inc. v. TikTok Inc.*, No. 6-20-cv-00810-ADA, Dkt. No. 88 (W.D. Tex. May 21, 2021) ("*10Tales*"). The facts of this matter—especially the fact that Triller itself is California-based—favor transfer even more strongly than those in the *10Tales* case.

Fundamentally, this is a dispute between two California-based companies, each of which has relationships with numerous relevant third parties who are also all in California. TikTok[1] has ▮▮▮▮▮▮▮▮▮▮ Ex. A ¶ 7. Indeed, all of TikTok's U.S. employees and documents relevant to this case and the accused features, including technical, financial, and marketing witnesses, are in NDCAL. By contrast, ▮▮▮▮▮▮▮▮▮▮—were based in this District at the time of suit, and none is relevant to this case. *Id.* ¶ 8.

▮▮▮▮▮▮▮▮▮▮

---

[1] This brief focuses on Defendants' U.S. presence, since this is where all alleged infringement occurs and, in all events, discovery is unlikely to occur in any of Defendants' foreign locations. *See, e.g.,* Ex. P (noting that depositions are illegal in China).

from this case, Triller has repeatedly availed itself of the laws and courts of California.[2,3] ███

███

███

## I. NDCAL IS A PROPER VENUE FOR THIS CASE

Triller claims NDCAL is not a venue where this case "might have been brought" because "Triller has not consented to venue in the Northern District of California" and "Defendants have not established that either [BDL] or [TTPL] would have been subject to personal jurisdiction in the NDCA." Dkt. No. 63 ("Opp.") at 2.

But this case could have been brought in NDCAL, as both venue and personal jurisdiction were proper as to all Defendants at the time the suit was filed.[4] TTI is a California corporation headquartered in Culver City. BDI is a Delaware corporation with its principal place of business in Mountain View. BDL and TTPL are both foreign companies that consent to jurisdiction in NDCAL and who otherwise could have been sued in that forum at least to the same extent they could be sued in WDTEX. *See* 28 U.S.C. § 1391; Fed. R. Civ. P. 4(k)(2); *Slyce Acquisition Inc. v. Syte-Visual Conception Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. Oct. 22, 2019).[5]

## II. TRILLER IGNORES THE FACTS MOST PERTINENT TO THIS CASE

Under a proper analysis of the public and private transfer factors, not a single factor points to retaining this case here, making NDCAL clearly more convenient. *See In re Toyota Motor*

---

[2] *Triller, Inc. v. FilmDaily.com, et al.* (C.D. Cal., 2021, No. 2:21-cv-03502); *Triller, Inc., et al. v. Lago Vista LLC, et al.* (Super. Ct. L.A. County, 2021, C.A. No. 21SMC00874); *Triller Fight Club II LLC v. Does 1 through 13, incl.* (Super. Ct. L.A. County, 2021, C.A. No. 21VC382110.
[3] ███.
[4] Triller added TTPL (and BDI) as parties *after* this motion was filed. *See* Dkt. Nos. 30, 32.
[5] ███

*Corp.*, 747 F.3d 1338, 1341 (Fed. Cir. 2014) (when "nothing favors the transferor forum, whereas several factors favor the transferee forum . . . the transferee forum is clearly more convenient.").

### A.   The Presence of Nearly All Witnesses in California Warrants Transfer

    1.   <u>Inconvenience to Willing Witnesses</u>

As this Court has recognized time and again, the convenience of witnesses—especially non-party witnesses—is "the single most important factor in the transfer analysis." *10Tales* at 7. Here, nearly all relevant non-party and party witnesses are located in California.

    (a)   *Non-Party Witnesses*

While Triller takes issue with TikTok's "vague[] reference" to creators who are likely to testify in this case, ████████████████████████████████████████████████████ To address Triller's criticism, Defendants have submitted declarations from ██████████ ██████████ two leading TikTok creators likely to provide testimony relevant at least to damages, such as how they use the TikTok app and whether they use the accused feature. ██████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████

████████████████████████ are not exceptions—at the time of filing, ██████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████████████ ████████████████████████

---

6 ████████████████████████████████████████████████████████████████████████████████

7 ████████████████████████████████████████████████████████████████████████████████

Moreover, Triller's Complaint references Apple and Google nearly two dozen times, and Triller's infringement contentions accuse "Apple iOS or Android Devices" as satisfying elements of the asserted claims, thus further implicating Apple and Google engineers and documents in this case. Dkt. No. 32; Ex. I at 31-35. As the Court noted in *10Tales*, "[t]he TikTok application runs on Apple iOS and Google Android operating systems and users download [the application] through each company's respective app stores." *10Tales* at 6. Apple and Google are "well-known to have [the] strongest presence in California," and the witnesses they are likely to offer are located in their respective Northern California headquarters.[8] *Id*. Notably, Triller offers no evidence that any relevant Apple or Google witness is located in the Texas facilities of those companies.

In its opposition, Triller identifies only one non-party witness by name: an inventor on the patent-in-suit, Samuel Rubin.[9] But notably, Triller never asserts that Mr. Rubin is willing to testify in WDTEX (or is unwilling to testify in NDCAL), and thus he should be presumed unwilling. *In re HP Inc.*, 2018 WL 4692486, at *3, n. 1 (Fed. Cir. Sep. 25, 2018) ("when there is no indication that a non-party witness is willing, the witness is presumed to be unwilling"). Triller provides no evidence of the relative ease of Mr. Rubin attending trial in Waco compared to the Bay Area, and indeed, courts have recognized that WDTEX is at best negligibly more convenient for New York witnesses than NDCAL. *In re Apple*, 979 F.3d 1332, 1342 (Fed. Cir. 2020). Regardless, the convenience of this single witness is far outweighed by the needs of the many other witnesses who are located in California.

    (b)    *Party Witnesses*

---

[8] [redacted]

[9] The other named inventor, David Leiberman, is an employee of Triller, and so is a party witness. Dkt. No. 66. There is no reason to think Triller would need or want to call both inventors to testify live at trial where one can do so as an employee of the company.

TikTok's witnesses relevant to this case face the same extreme options for venue as they did in *10Tales*—either to appear in "the most convenient federal forum for such witnesses, or this District located over 1,300 miles further." *10Tales* at 8. All TikTok employees relevant to this case ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

Triller's witnesses also are all located in California, making NDCAL more convenient for them as well. Indeed, Triller's headquarters, executives, and 30(b)(6) deponent are all located in Los Angeles or elsewhere in California.[10] This case therefore presents an even stronger set of facts warranting transfer than in *10Tales*, where only TikTok's witnesses were located in California.

### 2. Availability of Compulsory Process Necessary to Secure the Attendance of Witnesses

Nearly all non-party and party witnesses likely to be called by TikTok and Triller reside in California and are subject to subpoena in NDCAL, but not in this District. Indeed, neither party has identified even a single non-party witness in this District for which this Court's subpoena power would be necessary. These facts weigh heavily in favor of transfer. *Fintiv*, 2019 WL 4743678, at *5; *In re Apple, Inc.*, 581 F.App'x 886, 889 (Fed. Cir. 2014).

In addition to the relevant non-party witnesses' ████████████████████ ███████████ nearly all such witnesses are located within California and thus subject to subpoena there. In particular, all Apple or Google witnesses, and TikTok and Triller creators, identified thus far who are relevant to this case are located in California and able to travel to NDCAL to testify

---

[10] ████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

without incurring substantial expense. The same cannot be said for WDTEX, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮ *see In re Apple*, 979 F.3d at 1342 (discussing the costs of travel to WDTEX).

Indeed, as noted above, the only non-party witness that Triller relies on in support of keeping the case here is the second-named inventor, but neither this Court nor NDCAL have subpoena power over Mr. Rubin. As explained above, every relevant party witness identified to date is located in California, and is subject to subpoena in NDCAL but not WDTEX. In short, the presence of a single non-party witness in New York should not trump the power of NDCAL to compel appearance of every other identified party and non-party witness.

In its opposition, Triller identifies numerous TikTok employees and job postings spread throughout the world in an attempt to obfuscate the fact that the nucleus of this suit is in California. Opp. at 8-13. The individuals that Triller identifies ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ are involved in advertising and have nothing to do with this particular case. Rather, TikTok ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Moreover, TikTok has ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ who could speak to any relevant operations of ▮▮▮▮▮▮▮▮▮▮  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮ The laundry list of other TikTok employees that Triller names, scattered throughout the world, similarly have no relevance to this case in any cognizable way—technical, financial, or otherwise. Indeed, this Court has rejected similar attempts to skew the transfer analysis based on irrelevant party witnesses. *Fintiv*, 2019 WL 4743678, at *4 (rejecting attempts to "'game' the system by reciting long lists of potential witnesses—who ultimately may not have any relevant information—in order to support or counter a transfer motion."). Thus, the key witnesses in this case are not subject to subpoena in this District and cannot otherwise be compelled

to testify here.[11,12]

### B. All Relevant Sources of Proof Are in California

As to sources of proof, Triller again points to the location of documents and information spread all over the world to justify keeping this case in WDTEX. Opp. at 5-8. But the presence of information in various other locations does not make Waco the proper venue. Indeed, none of the evidence identified by Triller is located in *this* District, and most of the information identified is wholly irrelevant to *this* case. Moreover, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ *see* *10Tales* at 4-5. Triller's argument also ignores the fact that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ The consolidated presence of all sources of proof in California, along with the witnesses able to speak to that proof, warrants transfer.

### C. Triller's Other Alleged Practical Problems Are Inapt

---

[11] Triller's argument that TikTok has "not identified by name a single witness . . . within the subpoena power of NDCA but not within the subpoena power of this Court, who has stated that he or she is unwilling to travel to Waco to testify" is untrue, as explained above, and improperly places the burden to show unwillingness on Defendants. Opp. at 9. Rather, third parties outside the venue are presumed to be unwilling. *See In re HP Inc.*, 2018 WL 4692486, at *3, n. 1.

[12] Triller's suggestion that videotaped depositions are an adequate substitute for unwilling witnesses has no merit where there is an available venue in which most of those witnesses are willing to participate live or can be compelled to appear. *See 10Tales* at 5 ("[T]he ability to compel live trial testimony is crucial for evaluating a witnesses' [sic] testimony.")

[13] ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Triller posits other practical problems, but all are illusory or irrelevant. Triller's reliance on *Markman* briefing, for example, is exactly the type of bootstrapping that the Federal Circuit has said is irrelevant here. Opp. at 14. *See In re TracFone*, 2021 WL 865353, at *2. Triller also gives short shrift to the co-pending infringement case brought by TikTok against Triller in NDCAL. Opp. at 13. While Triller says that Defendants' DJ action should be ignored as a "transparent strategic maneuver," Triller completely ignores Defendants' *affirmative* case in NDCAL, where Triller's app is accused of infringing three TikTok patents. Technical witnesses in the cases will overlap, and there surely will be common damages issues and witnesses between the two cases given the patent infringement allegations going in both directions. There is no dispute that TikTok's case against Triller will go forward in NDCAL. The only question that remains is whether these two California companies will litigate in two different jurisdictions on parallel tracks, or have their IP disputes litigated before one court in one forum where they are **both** based.

### D. The Public Interest Factors Weigh in Favor of Transfer

Not a single public interest factor weighs in favor of keeping this action here. Triller points to ██████████████████████████████████████████████████████████████ ██████████████████████████ Opp. at 14-15; *10Tales* at 10 (finding that TikTok's "general presence" in this District "should not be given much consideration", especially where "TikTok's strongest presence is in California."). Further, the fact that Triller's app is available in Texas and that Triller has some unpaid creators scattered throughout Texas does not create a local interest. Dkt. No. 63-15 ¶ 7; *see 10Tales* at 10; *Correct Transmission*, 2021 WL 1967985, at *6; *DataQuill, Ltd. v. Apple Inc.*, 2014 WL 2722201, at *4 (W.D. Tex. Jun. 13, 2014). Rather, the events relevant to this suit, including where "the accused products were designed, developed, and tested," all took place in NDCAL. *See In re Apple*, 979 F.3d at 1345. Finally, Triller points to relative court congestion, but the Court has found this is at best neutral. *10Tales* at 9-10.

| | |
|---|---|
| Dated: June 1, 2021 | FISH & RICHARDSON P.C. |
| | By: */s/ David M. Hoffman*<br>Frank E. Scherkenbach (*pro hac vice*)<br>scherkenbach@fr.com<br>Adam J. Kessel (*pro hac vice*)<br>kessel@fr.com<br>Proshanto Mukherji (*pro hac vice*)<br>mukherji@fr.com<br>One Marina Park Drive<br>Boston, MA 02210<br>Tel: (617) 542-5070<br>Fax: (617) 542-8906<br><br>David M. Hoffman<br>Texas Bar No. 24046084<br>hoffman@fr.com<br>111 Congress Avenue, Suite 810<br>Austin, TX 78701<br>Tel: (512) 472-5070<br>Fax: (512) 320-8935<br><br>Michael R. Headley (*pro hac vice*)<br>headley@fr.com<br>500 Arguello Street, Suite 500<br>Redwood City, CA 94063<br>Tel: (650) 839-5070<br>Fax: (650) 839-5071<br><br>**COUNSEL FOR DEFENDANTS,**<br>**BYTEDANCE LTD., BYTEDANCE INC., TIKTOK**<br>**INC., AND TIKTOK PTE LTD.** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 1, 2021 the foregoing document was served electronically in compliance with Local Rule CV-5.2(e) upon Plaintiff's counsel as follows:

Brent P. Lorimer (*admitted pro hac vice*)
Utah State Bar No. 3731
Brian N. Platt (*admitted pro hac vice*)
Utah State Bar No. 17099
WORKMAN NYDEGGER
60 East South Temple Suite 1000
Salt Lake City, UT 84111
Tel: (801) 533-9800
Fax: (801) 328-1707
blorimer@wnlaw.com
bplatt@wnlaw.com

Wesley Hill
Texas Bar No. 24032294
Charles Everingham IV
Texas Bar No. 00787447
Andrea L. Fair
Texas Bar No. 24078488
WARD, SMITH & HILL, PLLC
1507 Bill Owens Parkway
Longview, TX 75604
wh@wsfirm.com
ce@wsfirm.com
andrea@wsfirm.com

***Counsel for Plaintiff Triller, Inc.***

                                                */s/ David M. Hoffman*
                                                David M. Hoffman